**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL GARRISON,

        Petitioner,

v.                                    Case No. 2:06-CV-12045

BLAINE LAFLER,

        Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO U.S.C. § 2244(b)(3)(A)**

Pending before the court is Petitioner Michael Garrison's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition attacks Petitioner's 1993 plea-based conviction for breaking and entering a building with intent to commit larceny. Petitioner was sentenced to 180 days in the county jail for the offense.

Petitioner subsequently committed another unspecified felony. He currently is serving a sentence of five to fifteen years for that offense. His habeas petition, however, attacks the 1993 breaking and entering conviction because that conviction was used to enhance Petitioner's current sentence.

The habeas corpus petition sets forth seven grounds for relief. Petitioner raised the same seven claims in a habeas petition filed in the Western District of Michigan in 2001. On October 4, 2001, Senior United States District Judge Wendell A. Miles summarily dismissed that petition because Petitioner was not in custody for the

conviction under attack.  *See Garrison v. Wolfe*, No. 1:01-CV-00531 (W.D. Mich. Oct. 4, 2001).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition challenging the same conviction.  He claims instead that a federal District Court decision published in 2004 overrules the rationale that Judge Miles used to dismiss his first habeas petition.  This

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there
> is a want of jurisdiction, the court shall, if it is in the interest of justice,
> transfer such action . . . to any other such court in which the action . . .
> could have been brought at the time it was filed . . . , and the action . . .
> shall proceed as if it had been filed in . . . the court to which it is
> transferred on the date upon which it was actually filed in . . . the court
> from which it was transferred.

28 U.S.C. § 1631.

court, however, may adjudicate Petitioner's claims only if the Court of Appeals first

authorizes the court to do so.

Accordingly, the Clerk of Court is ORDERED to TRANSFER this case to the

United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. §

1631.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE


Dated:  June 6, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 6, 2006, by electronic and/or ordinary mail.


        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522