**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MICHAEL GARRISON,

               Petitioner,

v.                             Case No. 06-12045

BLAINE LAFLER,

               Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This matter is pending before the court on Petitioner's motion for reconsideration of the court's order transferring his habeas corpus petition to the Court of Appeals as a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631"). The Court noted in the transfer order that Petitioner was challenging the same conviction as the conviction he attacked in a habeas petition filed in the Western District of Michigan. The previous habeas petition was dismissed on the ground that Petitioner was not in custody for the conviction under attack. In other words, Petitioner failed to obtain timely review of his claims while he was serving the sentence for the conviction in dispute.

Petitioner argues in the pending motion that the habeas petition filed in this District was not a second or successive petition, because his earlier petition was not adjudicated on the merits.

The statute does not define "second or successive." The Supreme Court has held that "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context." *Slack v. McDaniel*, 529 U.S. 473, 478, 485-86 (2000). On the other hand, in this Circuit, a dismissal for an unexcused procedural default *is* a dismissal on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Petitioner's previous habeas petition was not dismissed for failure to exhaust state remedies, nor for the type of unexcused procedural default noted in *Cook*.

In determining whether a dismissal of a previous habeas petition was a dismissal on the merits, the Court finds the approach taken by the Second Circuit to be helpful. The Second Circuit concluded in *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), that a dismissal of a prior habeas petition is an adjudication on the merits if the ground for dismissal was a "permanent and incurable" bar to federal review of the claims.

The fact that Petitioner was not "in custody" for the conviction under attack is a permanent and incurable bar to federal review of his habeas claims. Consequently, his previous habeas petition was adjudicated on the merits for purposes of the gatekeeping function of § 2244(b)(3)(A). The habeas petition filed in this district, therefore, is a second or successive petition. Petitioner's argument fails, and his motion for

2

reconsideration [Dkt. #4] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 10, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522